**COMMON CAUSE et al., Plaintiffs,**

v.

**Charles F. C. RUFF et al., Defendants.**

**Civ. A. No. 77–297.**

United States District Court, District of Columbia.

March 15, 1979.

Kenneth J. Guido, Jr., Ellen G. Block, Donald J. Simon, Washington, D. C., for plaintiffs.

Bruce E. Titus, Joseph Guerrieri, Nicki L. Koutsis, Mark C. Rutzick, Dept. of Justice, Washington, D. C., for defendants.

## OPINION

JOHN LEWIS SMITH, Jr., District Judge.

This is an action under the Freedom of Information Act, hereinafter FOIA, 5 U.S.C. § 552, to compel disclosure of certain records purportedly maintained by the Watergate Special Prosecution Force (WSPF), and now in possession of the National Archives. The matter is before the Court on defendants' motion for summary judgment.

The WSPF, established in 1973, was an Office of the Department of Justice. Pursuant to 28 U.S.C. §§ 515, 533 (1970) the Attorney General ordered the Special Prosecutor to investigate and prosecute various offenses against the United States, including those arising out of the 1972 Presidential Election.

Plaintiffs originally requested access "to all documents: correspondence, memoranda or other writing reflecting the identities of those candidates for Federal office who received campaign contributions from the corporations listed above, the amounts of such contributions and the dates they were made." WSPF provided plaintiffs with a list of certain recipients of corporate contributions but withheld other records which originated in grand jury proceedings, office interviews of, or letters from witnesses or their attorneys. Defendants refused to release these and still assert that Exemption (7)(C) supports continued withholding of these records.

Information is protected from disclosure if release would result in an unwarranted invasion of personal privacy. *Getman v. N. L. R. B.*, 146 U.S.App.D.C. 209, 213, 450 F.2d 670, 674 (1971). Originally Exemption 7(C) contained the same language as Exemption 6; both exemptions requiring a *clearly* unwarranted invasion of personal privacy before withholding became proper. The conferees on the 1974 Amendments to FOIA agreed to delete the word "clearly" in Exemption 7(C) in response to a Presidential request. This deliberate action was taken to provide broader protection under Exemption 7(C) than Exemption 6. *Department of Air Force v. Rose*, 425 U.S. 352, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1977). Both exemptions, however, are to be applied using a *de novo* balancing test, weighing the privacy interest and the extent of the invasion thereof *against the public interest* in disclosure tilting the balance towards disclosure. *Getman v. N. L. R. B.*, *supra.*

Plaintiffs assert that a personal privacy interest is not involved when the request concerns records of the manner in

which a candidate for public office has financed his campaign. These documents are not records of campaign contributions, however, but are criminal investigation records compiled from the recollection of corporate officials often years after the contribution was allegedly made.

In *Congressional News Syndicate v. U.S. Dept. of Justice,* the Court held that if the ledger sheets at issue were prepared by WSPF personnel on the basis of evidence unearthed during the course of an investigation, they would clearly fall within the terms of Exemption 7(C). 438 F.Supp. 538 (D.D.C.1977). Here, the requested information was discovered during the investigation itself and was not already prepared as in *Congressional News Syndicate.* Additionally, this information has not been verified but is unsubstantiated material contained in criminal investigatory files compiled from the recollection of corporate officials. These records are not in any way the accurate accountings of campaign contributions addressed in the Federal Corrupt Practices Act or the Federal Election Campaign Act. Those Acts require candidates and political committees to keep "a detailed and exact account" of the amount of each contribution, the name and address of the contributor and the date of the contribution. Also, periodic statements must be submitted to Congress. The information sought here arose from the memories of individuals often years after the possible contribution.

Although the public has an indisputable right to review the public actions of its representatives, the release of unsubstantiated information from criminal law enforcement files does not serve that end. Since the release of the names of alleged recipients could give rise to an implication of criminality, the resulting harm to the individual could be great. This Court upheld Exemption 7(C) claims relating to other files of the Watergate Special Prosecutor. Some involved illegal corporate campaign contributions which "contained allegations, suppositions, assessments or speculations of wrongdoing on the part of individuals not prosecuted . . ." *Fund for Constitutional Government v. National Archives and Records Service,* No. 76–1820 (D.D.C. Aug. 31, 1978). The persons involved in the present case have never been prosecuted for any such crime, nor will they ever be.

It is evident therefore, that the disclosure of the information sought in this case is unwarranted. The information is protected by Exemption 7(C). Accordingly, defendants' motion for summary judgment will be granted.